UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JENNIFER MARTINEZ** | * | **CASE NO.:** |
| | * | |
| **VERSUS** | * | |
| | * | **DISTRICT JUDGE:** |
| **LOUISIANA HEALTH SERVICES** | * | |
| **& INDEMNITY COMPANY** | * | |
| | * | |
| | * | |
| | * | **MAGISTRATE:** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * ***

## COMPLAINT

The Complaint of Jennifer Martinez, a person of the full age of majority and a resident of the Parish of Jefferson and the Eastern District of Louisiana, respectfully represents:

1.

This claim is for healthcare benefits under ERISA.

2.

This Court has jurisdiction and venue under ERISA, 29 U.S.C. 1001, *et seq*. and 29 U.S.C. 1132(e)(2).

3.

Named Defendant is Louisiana Health Service & Indemnity Company (Blue Cross/Blue Shield of Louisiana) (hereinafter referred to as "Blue Cross"), a Louisiana insurer domiciled in Baton Rouge, Louisiana. Blue Cross is the insurer and sole administrator and/or defacto administrator of benefits under the Cater & Willis, APLC Group Health Benefit Plan (hereinafter referred to as the "Plan") No. 27203FF2.

4.

Jennifer Martinez (hereinafter referred to as "Martinez') has been employed as an attorney with Willis & Buckley, APC, and a beneficiary under the Plan, since 2008. The Plan provides medical and prescription coverage.

5.

In July of 2011, Martinez was diagnosed with occipital neuralgia, a nerve malfunction of the peripheral occipital nerves that run up the scalp from the base of the skull. While occipital neuralgia is classified as a headache disorder, it differs from the common headache because it is specifically related to the occipital nerves. Occipital neuralgia may feel like a migraine or tension headache because the pain is typically felt in the back of the head and the base of the skull. The pain from occipital neuralgia is excruciating.

6.

The treatment of occipital neuralgia differs from other headache disorders. Symptoms of occipital neuralgia include, but are not limited to, continuous aching, burning and throbbing, pain behind the eyes, neck pain, shoulder pain, dizziness, and visual disturbances. Treatment includes, but is not limited to, medication, occipital nerve blocks and Iovera cryoneurolysis.

7.

Since 2011, Blue Cross has approved multiple medications and occipital nerve blocks as treatment for the occipital neuralgia.

8.

In 2017, Martinez began treating with Dr. Jose Posas, III, an occipital neuralgia specialist, at Ochsner Medical Center. As part of the treatment program, Dr. Posas ordered Iovera cryoneurolysis, which, in the simplest of terms, is a destruction of the peripheral occipital nerves

by applying cold. The effect is temporary because nerves regenerate. However, it can render a neuralgia sufferer headache free from an otherwise chronic and debilitating headache disorder.

9.

Blue Cross approved the Iovera treatment in 2017. The treatment was successful, rendering Martinez headache free for 6 months. Blue Cross also approved the Iovera treatment in 2018. The treatment was successful, rendering Martinez headache free for 10 months.

10.

In May of 2019, Martinez's headaches returned. Dr. Posas requested prior authorization for the Iovera treatment. Blue Cross denied the procedure on July 2, 2019.

11.

Deirdre Barfield, M.D. FACP, Blue Cross' senior medical director, upheld the denial as not medically necessary. The bogus reasoning provided was that the doctor wanted to do a sacroiliac joint injection on another part of the body so it was not medically necessary to have the procedure at the sacroiliac joint at that time. The Louisiana State Board of Medical Examiners has Dr. Barfield listed as an internal medicine specialist. She is not a neurologist.

12.

As instructed in the Blue Cross denial letter, Martinez sent a Notice of Intent to Appeal on Cryoneurolysis Denial on July 16, 2019. Also as instructed in the denial letter, Martinez requested a copy of any and all records that were submitted by Dr. Jose Posas in support of his request for Iovera cryoneurolysis approval.

13.

As indicated in the Blue Cross July 2, 2019 denial letter, AIM Specialty Health (hereinafter referred to as "AIM") is the alleged independent company that provides utilization management for certain services on behalf of Blue Cross.  Martinez requested specific denial documentation from AIM on July 16, 2019.  AIM never responded.

14.

On July 25, 2019, Blue Cross communicated its claim that Dr. Posas entered a code for radiofrequency neurolysis for sacroiliac (SI) joint pain when requesting prior authorization.  Blue Cross did not send the requested records; however, after receiving them directly from Dr. Posas, it was revealed that Dr. Posas only referenced Iovera cryoneurolysis, occipital neuralgia and/or occipital nerves.

15.

Martinez submitted her Request for Full and Fair Review Under ERISA on August 20, 2019 to appeal the medical director's fabricated decision.  On September 16, 2019, Blue Cross did the "bait and switch" and denied the Iovera claim as "investigational," with no mention whatsoever of the prior "medically unnecessary" denial.  According to the denial, Blue Cross' medical director impermissibly reviewed the appeal and rendered the investigational denial after she previously conducted the initial review and rendered the initial denial.

16.

Blue Cross sent all of the previously requested denial documents on September 16, 2019, two months after the request was initially made.

17.

On October 4, 2019, Martinez submitted her Request for External Appeal, the final level for appealing the Iovera denial. Maximus Federal Services, Inc. conducted the external review to determine whether the Iovera treatment was investigational. Maximus upheld the investigational denial without mention of medical necessity.

18.

Maximus did not identify the reviewing physician. Maximus denied the claim based on cryoneurolysis to treat the symptoms of knee osteoarthritis, which is wholly unrelated to occipital neuralgia.

19.

Neither Blue Cross, AIM or Maximus conducted a peer review with Dr. Posas regarding Iovera cryoneurolysis.

20.

Blue Cross failed to maintain a reasonable claims procedure as required under ERISA in the following non-exclusive particulars:

    a.    Blue Cross based its initial medical unnecessary denial on a scenario fabricated by its medical director Dierdre Barfield, M.D. FACP;

    b.    Blue Cross' medical director impermissibly conducted both the initial and appeal reviews of Martinez's claim, both resulting in denials;

    c.    Blue Cross initially denied the claim as medically unnecessary, then did the "bait and switch" on appeal, denying the claim as investigational;

    d.    Neither Blue Cross, nor AIM or Maximus on Blue Cross' behalf, conducted a peer review with Dr. Jose Posas regarding the Iovera denial;

e. Neither Blue Cross, nor AIM or Maximus on Blue Cross's behalf, addressed the supporting Iovera cryoneurolysis documentation submitted by Dr. Posas;

f. Blue Cross denied a procedure that it had already approved three times; and

g. Blue Cross allowed an unqualified physician to review Martinez' claim and appeal.

21.

Blue Cross failed to comply with ERISA requirements as to providing Martinez a full and fair claim review.

22.

Blue Cross failed to provide any relevant medical evidence in support of its two categorically different denials of Martinez' claim.

23.

Blue Cross arbitrarily and capriciously denied Martinez' claim.

24.

Blue Cross failed to produce responsive claim file and/or policy, procedure and/or guideline materials in violation of 29 U.S.C. 1132(c); ERISA 502(c).

25.

Martinez has exhausted her administrative remedies and now timely files this suit to:

a. Obtain a reversal of Blue Cross' arbitrary and capricious Iovera denial;

b. Obtain a confirmation of future benefits; and

c. Recover $1,375.00 in out of pocket expenses incurred to pay for the Iovera procedure.

26.

Blue Cross abused its discretion as Plan Administrator and/or Defacto Administrator by denying Martinez' claim, failing to produce requested documents, and failing to maintain a reasonable claims procedure as required under ERISA, all of which were done in bad faith.

27.

Blue Cross has a conflict of interest because it is the insurer and the Administrator/Defacto Administrator.

28.

Blue Cross abused its discretion by failing to consider the disabling, combined effect of Martinez' medical condition, symptoms and side effects.

29.

Blue Cross failed to give the Plan a uniform construction and interpretation.

30.

Under ERISA, Martinez is entitled to recover the fees and costs associated with this litigation, as well as any penalties available to her.

**WHEREFORE**, Plaintiff, Jennifer Martinez, prays that, after due proceedings be had, there be judgment in her favor and against Defendant, Blue Cross Blue Shield of Louisiana, for past and future benefits, for the out of pocket expense of $1,375.00 to pay for the wrongfully denied Iovera cryoneurolysis, penalties, attorney fees, costs, and interest thereon from the date the benefits were due or, alternatively, the date of judicial demand.

Respectfully submitted:

    /s/Marc Frischhertz
MARC L. FRISCHHERTZ, (#29194)
DOMINICK F. IMPASTATO (#29056)
FRISCHHERTZ & IMPASTATO, L.L.C.
1140 St. Charles Avenue
New Orleans, LA  70130
Telephone:  (504) 523-1500
Facsimile:   (504) 581-1670

PLEASE SERVE:

Louisiana Health Service & Indemnity
(Blue Cross/Blue Shield of Louisiana)
Through its registered agent for service:
Michelle S. Calandro
5525 Reitz Avenue
Baton Rouge, LA 70809